IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR251** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MANUEL CUBILLOS,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto and the supporting brief (Filing Nos. 95, 96), and the Defendant's motion for downward departure and supporting brief (Filing Nos. 97, 98). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these tentative findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

*Objections to PSR*

The Defendant objects to ¶¶ 15 and 21 (drug quantity), and 35, 36 and 46 (statements of codefendant Mary Cubillos).

The Defendant was found guilty of Count I of the Indictment charging him with conspiracy to distribute or possess with intent to distribute 500 grams or more of methamphetamine. The probation officer determined, based on trial testimony, that the Defendant shall be held accountable for 4.45 kilograms of methamphetamine, placing him at base offense level 34. (PSR, ¶¶ 15, 21.) A trial transcript was prepared. (Filing Nos. 99, 100, 101.) The basis of the Defendant's objection is the evidence failed to show that this quantity was reasonably foreseeable to the Defendant for the reasons stated in the

supporting brief. The Court has carefully considered the argument and the trial testimony, and the objection is noted for the record but denied.

The Defendant objects to ¶¶ 35 and 36 with respect to narrative information provided with the prior criminal history. The objections are denied because the Court is not at liberty to alter information obtained from a complaint report (¶ 35) and police reports (¶ 36).

The Defendant also objects to information provided by codefendant Mary Cubillos as stated in ¶ 46. The Court is not at liberty to change information provided by an individual to the probation officer. The objection is denied.

*Downward Departure*

The Defendant requests a downward departure based on: his minor or minimal role in the offense, U.S.S.G. § 3B1.2; overstatement of criminal history, U.S.S.G. § 4A1.3; and his military service, U.S.S.G. § 5K2.0. The motion will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 95) are denied;

2. The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    4.    Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

    5.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

    6.    The Defendant's motion for downward departure (Filing No. 97) will be heard at sentencing.

DATED this 5th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge