# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:05CR251** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **MANUEL CUBILLOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 136), filed by the defendant, Manuel Cubillos.   Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Cubillos was found guilty of a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  (Filing No. 79.) Cubillos was sentenced to 151 months imprisonment and 5 years supervised release.  (Filing No. 106.)  The Eighth Circuit Court of Appeals affirmed Cubillos's conviction and sentence. (Filing No. 124.)  Cubillos timely filed his § 2255 motion.  (Filing No. 136.)

In his § 2255 motion, Cubillos argues that he received ineffective assistance of counsel because counsel failed to: properly advise him of his right to testify; and interview or call critical defense witnesses.  Cubillos requests an evidentiary hearing.

## DISCUSSION

### INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish ineffective assistance of counsel, Cubillos must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

### *Advice Regarding Right to Testify*

Cubillos argues that his trial attorney never informed him of his right to testify and also never discussed the ramifications of deciding whether to testify.  A criminal defendant's right to testify in his own behalf is a fundamental constitutional right that can only be waived by the defendant.  *Rock v. Arkansas,* 483 U.S. 44, 49-53, 62 (1987).  An effective waiver must be knowing, voluntary and intelligent. *Jackson v. United States*, 928 F.2d 245, 247 (8th Cir. 1991).  It is settled that a defendant who knows of the right to testify yet is silent when his attorney rests without calling him to testify waives the right to testify.  *United States v. Kamerud,* 326 F.3d 1008, 1017 (8th Cir. 2003).  However, when a

2

defendant argues that he was not advised of the ramifications of testifying, the record should be viewed for any indication that the matter was discussed between the defendant and his counsel. *Washington v. Kemna,* 16 Fed. Appx. 528, 530 (8th Cir. 2001). In Cubillos's case, his attorney rested after an off-the-record discussion was had. (Filing No. 100, at 322.) Cubillos did not object.

Applying these principles to Cubillos's case, the record shows that Cubillos waived his right to testify because he did not object when his attorney rested without calling Cubillos as a witness. The question becomes whether Cubillos's waiver was knowing, voluntary and intelligent. An inference exists that the off-the-record discussion had before the defense rested related to whether Cubillos had additional evidence or specifically whether he wished to testify; however, the record does not reveal the nature of the discussion. Nowhere else in the record is it stated that Cubillos had a discussion of his right to testify with his counsel. Even if Cubillos were successful in making the required showing with respect to the first *Strickland* prong, however, Cubillos has not alluded to any prejudice. Rather Cubillos stated that the prejudice prong would be proved at an evidentiary hearing. The lack of any showing with respect to prejudice is fatal to his claim. Therefore, the claim is denied.

### *Interview or Call Critical Defense Witnesses*

Cubillos argues that his attorney failed to interview or call critical witnesses in his behalf. He does not name any witnesses that should have been interviewed or called or offer any other specifics in support of his claim. The law is clear that an attorney's decision regarding the "'decision not to call a witness is a virtually unchallengeable decision of trial strategy.'" *United States v. Vazquez-Garcia,* 211 Fed. Appx. 544, 546 (8th Cir. 2007), *cert*

*denied,* 128 S. Ct. 344 (2007) (quoting *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005)).  Cubillos has produced no evidence supporting either prong of the *Strickland* test, including the crucial prejudice prong.  *Id.* (a § 2255 motion filed without any supporting affidavits and including only a conclusory statement of prejudice resulting from counsel's alleged failure to call a named person as a witness was insufficient to show prejudice under *Strickland*).  Because Cubillos has not shown either prong of the *Strickland* test, the claim is denied.

## CONCLUSION

For the reasons discussed, the Defendant's § 2255 motion is summarily denied.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 136);

2.      Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3.      A separate Judgment will be issued denying the § 2255 motion; and

4.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 28th day of April, 2008.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge